# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| NICKOLAS PETERS,<br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER ROEDER,<br>MICHAEL A. MASON,<br>and TOWN OF HADLEY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION NO.:**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Nickolas Peters, by and through undersigned counsel, and for his Complaint against Christopher Roeder, the Town of Hadley (Police Department), and Chief Michael A. Mason, states as follows:

## PARTIES

1. Plaintiff Nickolas Peters ("Mr. Peters") is a natural person residing in South Hadley, Hampshire County, Massachusetts.

2. Defendant Christopher Roeder ("Roeder") is a natural person and resident of the Commonwealth of Massachusetts. At all times relevant to this Complaint, Roeder was employed by the Town of Hadley as a police officer.

3. Defendant, Michael A. Mason ("Chief Mason") is a natural person and resident of the Commonwealth of Massachusetts. At all times relevant to this Complaint, Chief Mason was, and is, employed as the Chief of Police for the Town of Hadley.

4. Defendant Town of Hadley ("the Town") is a municipal entity with a principal place of business located at 100 Middle Street, Hadley, Hampshire County, Massachusetts. At all times relevant to this Complaint, the Town maintained and operated the Town of Hadley Police Department and its employees.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this action pursuant to 42 U.S.C. §1983, which confers on the district court jurisdiction over all civil actions arising from violations of rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

6. This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343, which confers on the district court jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

7. This court also has supplemental jurisdiction over the Plaintiff's state law claims in this action, pursuant to 28 U.S.C. §1367.

8. Venue is proper pursuant to 28 U.S.C. §1391(b), because events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

9. On or about March 30, 2017, Mr. Peters was operating a motor vehicle on Hockanum Road in Hadley, Massachusetts.

10. While driving on Hockanum Road, Mr. Peters approached a construction zone where tree trimming services were being performed by the Hadley Department of Public Works and Northern Tree Service.

11. At the same time and place, Mr. Peters was driving within the posted speed limit and maintained his vehicle clear of the workers and work zone.

12. At the same time and place, Defendant Roeder was working a police detail at the construction zone.

13. Defendant Roeder signaled Mr. Peters' to stop his vehicle and began yelling at Mr. Peters and banging on his vehicle.

14. In response, Mr. Peters stopped his vehicle, rolled down his driver's side window, and asked the Defendant why he was banging on his vehicle. In response, Defendant Roeder stated that his elbow was struck by the driver's side mirror on Mr. Peters' vehicle. A brief conversation took place and Mr. Peters then drove away from the area without incident.

15. Defendant Roeder complained of soreness to his elbow, but never reported or received medical treatment for any actual injury.

16. Four days later, on April 3, 2017, Mr. Peters was traveling on Bay Street in Hadley, Massachusetts, operating his vehicle within the speed limit, and complying with all rules of the road.

17. At the same time and place, Defendant Roeder was working in his capacity as a Hadley Police Officer monitoring traffic on Bay Street.

18. At the same time and place, Defendant Roeder recognized Mr. Peters from their interaction on March 30, 2017, and signaled Mr. Peters to stop his vehicle, which he did.

19. Defendant Roeder forced Mr. Peters to exit his vehicle and placed him under arrest for alleged criminal offenses related to the March 20, 2017 incident.

20. At the same time and place, Defendant Roeder alleged Mr. Peters had an odor of alcohol, bloodshot and glassy eyes, and was unsteady on his feet. Mr. Peters was then transported to the Hadley Police Department.

21. Upon arriving at the Hadley Police Department, Mr. Peters was placed on a bench in the booking area of the police station without incident.

22. At the same time and place, Hadley Police Officer Courtney Call ("Officer Call") was assisting Defendant Roeder with booking Mr. Peters, and was present in the booking area.

23. At the same time and place, Defendant Roeder approached Mr. Peters.  Using one of his feet to separate Mr. Peters' legs and leaned towards him, Defendant Roeder executed an elbow strike to Mr. Peters' nose, causing Mr. Peters head to bounce backwards and slam against the concrete wall and metal bars behind him.

24. Blood spewed from Mr. Peters' nose and onto his face and clothing.

25. Defendant Roeder then twisted Mr. Peters' left arm, and handcuffed his wrist to a "Murphy bar" attached to the concrete wall behind him.

26. Officer Call, who was present for this entire incident, called for someone to bring a paper towel for Mr. Peters' broken and bloodied nose.

27. Defendant Roeder then proceeded to book Mr. Peters without offering him medical attention.

28. Given the circumstances of his booking, and feeling intimidated and distrustful of Defendant Roeder, Mr. Peters declined Defendant Roeder's offer to submit to a chemical breath test.

29. Mr. Peters remained slouched down on the bench, handcuffed to the "Murphy bar," with only a paper towel to wipe his broken and bloodied nose.

30. Although Officer Call witnessed the entire interaction between Mr. Peters and Defendant Roeder, neither Officer Call nor any other Hadley Police Officer interceded to protect Mr. Peters or to remove Defendant Roeder from the booking process.

31. On the same day, the Hadley Police Department sought bail in the amount of $10,000 cash, an amount which far exceeded the amount needed to secure Mr. Peters' attendance in court and which was blatantly excessive and unjustified.

32. Thereafter, Mr. Peters was transported to the Hampshire County House of Corrections.

33. Due to the nature and seriousness of his injuries, the Hampshire County House of Corrections refused to accept Mr. Peters into their custody.

34. Officer Call then transported Mr. Peters to Cooley-Dickinson Hospital in Northampton, Massachusetts.

35. While at Cooley-Dickinson Hospital, Mr. Peters underwent a physical examination, laboratory analysis, and radiological testing, including a maxillofacial CT scan which revealed "comminuted displaced anterior nasal bones fractures, displaced nasal septum fracture, [and] moderated facial and periorbital emphysema."

36. Mr. Peters was discharged from Cooley Dickinson Hospital and spent the night in the Hampshire County House of Corrections.

37. The following day, on April 4, 2017, Mr. Peters was arraigned in the Eastern Hampshire District Court on multiple charges.

38. After a bail hearing, the court released Mr. Peters on his own recognizance.

39. On April 10, 2017, as a direct and proximate result of the injuries caused by Defendant Roeder, Mr. Peters underwent surgery to repair his fractured nose.

40. As a direct and proximate result of Defendants' improper and illegal conduct, the Registry of Motor Vehicles ("Registry") suspended Mr. Peters' license for one hundred and eighty days.

41. On April 14, 2017, Mr. Peters and his then attorney traveled to the Registry of Motor Vehicles headquarters in Boston, Massachusetts, and filed a petition to reinstate his driver's license on the grounds Mr. Peters did not voluntarily refuse a chemical breath test. Mr. Peters and his attorney furnished the Registry with a copy of the booking video from Mr. Peters' arrest.

42. At a further hearing on May 4, 2017, the Registry provided Mr. Peters and his attorney with a copy of the Hadley Police Department's response to Mr. Peters' petition. In that response, the Hadley Police Department redacted Defendant Roeder's original report concerning Mr. Peters' arrest and also redacted information related to the booking process in which Defendant Roeder broke Mr. Peters' nose.

43. By the time of its response to Mr. Peters' petition, the Hadley Police Department had already suspended Defendant Roeder from his employment, which the Town failed to mention in its response to Mr. Peters' petition.

44. Later in the day on May 4, 2017, Defendant Roeder was terminated from his employment as a Hadley police officer.

45. Ultimately, the Hampshire County District Attorney's Office filed a *Nolle Prosequi* for criminal charges pending against Mr. Peters in the Eastern Hampshire District Court and Mr. Peters' license to operate a motor vehicle was reinstated.

46. Thereafter, the Hadley Police Department hired APD Management, Inc. to review the Hadley Police Department's policies and procedures and to review the reports and booking video related to Mr. Peters' arrest and booking process.

47. APD Management, Inc. concluded that Defendant Roeder used excessive force while booking Mr. Peters and that the Hadley Police Department's policies concerning the use of force were inadequate.

48. On January 25, 2018, a federal grand jury convened and issued a true bill, indicting Defendant Roeder for the offenses of Deprivation of Rights Under Color of Law pursuant to 18 U.S.C. 242 and Falsification of a Document pursuant to 18 U.S.C. 1519.

49. In February of 2019, a jury trial was held, and on February 5, 2019 Defendant Roeder was found guilty on both charges.

50. On June 20, 2019, Defendant Roeder was sentenced to 14 months in federal prison followed by a one-year period of supervised release.

## **COUNT I - VIOLATION OF 42 U.S.C. §1983**
**Unlawful Search & Seizure**
**(Roeder)**

51. Mr. Peters repeats and re-alleges the allegations contained in paragraphs 1 – 50 of the Complaint and, by reference, incorporates the same herein.

52. At all times relevant to the Complaint, Defendant Roeder was acting under color of law in his capacity as a Hadley police officer.

53. In violation of Mr. Peters' constitutional rights, Defendant Roeder twice executed traffic stops without a legal basis for doing so, and subsequently arrested Mr. Peters without a legal basis for doing so.

54. Defendant Roeder's conduct deprived Mr. Peters of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

55. Defendant Roeder's conduct further deprived Mr. Peters of his right to due process of law pursuant to the Fourteenth Amendment of the United States Constitution.

56. As a direct and proximate result of Defendant Roeder's wrongful conduct, Mr. Peters has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, lost his privilege to operate a motor vehicle, suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability, impairment and other types of damages not otherwise specified herein.

**COUNT II – Violation of 42 U.S.C. §1983**
**Use of Excessive Force**
**(Roeder)**

57. Mr. Peters repeats and re-alleges the allegations contained in paragraphs 1 – 56 of the Complaint and, by reference, incorporates the same herein.

58. At all times relevant to the Complaint, Defendant Roeder was acting under color of state law in in his capacity as a Hadley Police Officer.

59. At all times relevant to the Complaint, Mr. Peters had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in his person from the use of excessive force.

60. Any reasonable police officer knew or should have known that, given the circumstances described herein, the amount of force used by Defendant Roeder was excessive.

61. The force used by Defendant Roeder was likely to lead to unnecessary injury and did in fact lead to unnecessary injuries, including but not limited to a fractured nose.

62. As a direct and proximate result of Defendant Roeder's use of excessive force, Mr. Peters has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, lost his privilege to operate a motor vehicle, suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

## COUNT III- VIOLATION OF 42 U.S.C. §1983
**(Chief Mason and the Town)**

63. Mr. Peters repeats and re-alleges the allegations contained in paragraphs 1 – 62 of the Complaint and, by reference, incorporates the same herein.

64. At all times relevant to the Complaint, Defendant Chief Mason was acting under color of state law in his capacity as Hadley Chief of Police.

65. Defendants Chief Mason and the Town owed a duty to Mr. Peters to implement: reasonable standards, policies, and procedures for hiring police officers who are qualified to serve; reasonable standards, policies, and procedures regarding the training and supervision of the Town's police officers; reasonable standards, policies, and

procedures regarding traffic stops and arrests; and reasonable standards, policies, and procedures regarding the use of force and the degree of force considered reasonable.

66. Defendants Chief Mason and the Town breached their duties to Mr. Peters and violated the provisions of 42 U.S.C. § 1983, by failing to establish and implement: reasonable standards, policies, and procedures for hiring police officers who are qualified to serve; reasonable standards, policies, and procedures regarding the training and supervision of the Town's police officers; reasonable standards, policies, and procedures regarding traffic stops and arrests; and reasonable standards, policies, and procedures regarding the use of force and regarding the degree of force which is considered reasonable.

67. Defendant Roeder's unlawful stop and arrest of Mr. Peters and use of excessive force against Mr. Peters, all in violation of Mr. Peters' Constitutional rights, resulted directly and proximately from the Defendants Chief Mason's and the Town's breaches of duty as described herein.

68. As a direct and proximate result of the Defendants Chief Mason's and the Town's wrongful conduct, Mr. Peters has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, lost his privilege to operate a motor vehicle, suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

## COUNT IV – Violation of M.G.L. c. 12, §§ 11H and 11I
### (Roeder)

69. Mr. Peters repeats and re-alleges the allegations contained in paragraphs 1 – 68 of the Complaint and, by reference, incorporates the same herein.

70. At all times relevant to the Complaint, Mr. Peters had a clearly established constitutional rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and under the Massachusetts State Constitution, to be free from unreasonable use of force, unreasonable deprivation of liberty, and illegal searches and seizures of his person.

71. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time.

72. At all times relevant to the Complaint, Defendant Roeder was acting under color of state law in his capacity as a police officer, and his acts were conducted within his official duties and employment.

73. At all times relevant to the Complaint, Defendant Roeder was acting pursuant to municipal custom, policy, decision, ordinance, habit, usage, or practice.

74. Defendant Roeder interfered with Mr. Peters' exercise and enjoyment of his rights secured by the Constitution or laws of the United States and of the Commonwealth of Massachusetts, by the use of threats, intimidation, or coercion.

75. As a direct and proximate result of Defendant Roeder's wrongful conduct, Mr. Peters has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, lost his privilege to operate a motor vehicle, suffered a disruption in his daily activities and

a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

### COUNT V – Violation of M.G.L. c. 12 §§ 11H and 11I
### (Chief Mason and the Town)

76. Mr. Peters repeats and re-alleges the allegations contained in paragraphs 1 – 75 of the Complaint and, by reference, incorporates the same herein.

77. At all times relevant to the Complaint, Mr. Peters had clearly established constitutional rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and under the Massachusetts State Constitution, to be free from unreasonable use of force, unreasonable deprivation of liberty, and from illegal searches and seizures of his person.

78. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time.

79. At all times relevant, Defendants Chief Mason and the Town were acting under color of state law.

80. At all times relevant to the complaint, Defendants Chief Mason and the Town established, implemented and followed municipal customs, policies, procedure, practices, decisions, ordinances, habits, and usage concerning the hiring, training and supervision of the Town's police officers; concerning the methods by which traffic stops and arrests should be effectuated; and concerning when and the degree to which force may be used.

81. Defendants Chief Mason and the Town owed a duty to Mr. Peters to implement: reasonable standards, policies, and procedures for hiring police officers who are qualified to serve; reasonable standards, policies, and procedures regarding the training and supervision of the Town's police officers; reasonable standards, policies and/or procedures regarding traffic stops and arrests; and reasonable standards, policies, and procedures regarding the use of force and regarding the degree of force considered reasonable.

82. As a direct and proximate result of Defendants Chief Mason's and the Town's conduct, Mr. Peters suffered substantial bodily injury, including but not limited to a fractured nose.

83. As a further direct and proximate result of Defendants Chief Mason's and the Town's conduct, Mr. Peters has suffered physical and emotional injuries, and other damages and losses described herein, entitling him to compensatory damages, economic damages, medical expenses, lost wages, lost future income, special damages, punitive damages, and attorneys' fees and costs in amounts to be determined at trial.

## COUNT VI – Assault and Battery
### (Roeder)

84. Mr. Peters repeats and re-alleges the allegations contained in paragraphs 1 – 83 of the Complaint and, by reference, incorporates the same herein.

85. Defendant Roeder negligently, recklessly, or intentionally struck Mr. Peters without legal justification or excuse.

86. To the extent Defendant Roeder was justified in touching Mr. Peters, the degree of force he used was excessive, unjustified, and unreasonable.

87. Mr. Peters did not consent to Defendant Roeder touching him.

88. As a direct and proximate result of Defendant Roeder's wrongful conduct, Mr. Peters has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, lost his privilege to operate a motor vehicle, suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

### COUNT VII– Massachusetts Tort Claims Act
### M.G.L. c. 258 §§ 2 & 4
### (The Town of Hadley)

89. Mr. Peters repeats and re-alleges the allegations contained in paragraphs 1 – 88 of the Complaint and, by reference, incorporates the same herein.

90. At all times relevant hereto, Defendant Roeder was acting in the course and scope of his employment as a police officer for the Defendant, the Town.

91. At all times relevant hereto, Defendant Roeder owed a duty to Mr. Peters to insure he was not harmed or injured while being taken into custody and while he was actually in custody.

92. Defendant Roeder breached his duty of care to Mr. Peters, by conducting an unreasonable search and seizure of Mr. Peters' person and by using excessive force that resulted in substantial injury to Mr. Peters.

93. As a direct and proximate result of the Defendant Roeder's breach of his duty of care, Mr. Peters suffered substantial physical and emotional injuries including a fractured nose, and the other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, lost wages, lost future income, special damages in amounts to be determined at trial.

94. On September 6, 2017, Mr. Peters' prior counsel served Defendant the Town with presentment letters pursuant to the Massachusetts Tort Claims Act [Massachusetts General Laws Chapter 258, Section 4], by and through Defendant Chief Michael A. Mason and Hadley Town Administrator David Nixon. See letters attached hereto as Exhibit "A".

95. Defendant the Town acknowledged receipt of the presentment letter through its insurer, MIIA Member Services.

## COUNT VIII – CONSPIRACY
### (Roeder and Chief Mason)

96. Mr. Peters repeats and re-alleges the allegations contained in paragraphs 1 – 95 of the Complaint and, by reference, incorporates the same herein.

97. Defendant Roeder and one or more other Hadley Police Officers, including but not limited to Defendant Chief Mason conspired or agreed to violate Mr. Peters' constitutional rights in the manner described above.  Further, Defendants conspired to

cover up the illegal stops and arrests, the assault and battery, and other misconduct committed against Mr. Peters.

98. The Defendants acted in furtherance of this conspiracy by bringing criminal charges against Mr. Peters and redacting Defendant Roeder's report prior to providing it to the Massachusetts Registry of Motor Vehicles.

99. As a result of the Defendants' conduct, Mr. Peters suffered injuries and damages.

## COUNT IX – Intentional Infliction of Emotional Distress
### (Roeder, Chief Mason, the Town)

100. Mr. Peters repeats and re-alleges the allegations contained in paragraphs 1 – 99 of the Complaint and, by reference, incorporates the same herein.

101. At all times relevant hereto, all Defendants intended to cause Mr. Peters severe emotional distress or knew or should have known their conduct towards Mr. Peters would cause Mr. Peters severe emotional distress.

102. The aforesaid conduct by all Defendants was extreme, outrageous, beyond the bounds of decency, and likely to result in severe emotional distress to Mr. Peters, which Mr. Peters did in fact suffer.

103. As a direct and proximate result of the conduct of the Defendants, Mr. Peters suffered great pain of mind and body and was otherwise damaged.

## COUNT X – Malicious Prosecution
### (Roeder, Chief Mason, the Town)

104. Mr. Peters repeats and realleges the allegations contained in paragraphs 1- 103 of the Complaint as if fully set forth herein.

105. All Defendants commenced a criminal prosecution against Mr. Peters in the Eastern Hampshire District Court on charges of: Assault and Battery Dangerous Weapon; Assault and Battery on a Police Officer; Leaving the Scene of a Personal Injury Accident; Reckless Operation of a Motor Vehicle; Failure to Stop for a Police Officer; Speeding: Resisting Arrest; Operating a Motor Vehicle While Under the Influence of Alcohol; Operating a Motor Vehicle With a Suspended License; and Possession of an open Container.

106. All Defendants commenced and continued this criminal prosecution through arraignment without probable cause, which all Defendants knew or should have known was without probable cause.

107. All Defendants continued this criminal prosecution with malicious intent towards Mr. Peters.

108. The criminal prosecution against Mr. Peters was resolved in Mr. Peters' favor by the prosecutor filing a *Nolle Prosequi*.

109. As a direct and proximate result of the Defendants' wrongful conduct, Mr. Peters has suffered and will continue to suffer severe pain of body and anguish of mind, has suffered and will continue to suffer lost earnings and earning capacity, has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, lost his privilege to operate a motor vehicle, suffered a disruption in his daily activities and a diminished quality of life, and has suffered and will continue to suffer scarring, disfigurement, loss of function, disability and/or impairment and other types of damages not otherwise specified herein.

**WHEREFORE**, Mr. Peters requests this Court enter judgment against the Defendants jointly and severally on all counts of this Complaint and:

a. Award compensatory damages;

b. Award punitive damages;

c. Award interest and costs of this action to the Plaintiff;

d. Award attorneys' fees to the Plaintiff; and

e. Award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Peters hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

The Plaintiff, Nickolas Peters,
By and through his attorneys,

*/S/ Raipher D. Pellegrino*
Raipher D. Pellegrino
BBO# 560614
rdp@raipher.com
Michael J. Grace
BBO# 205875
mjg@raipher.com
Raipher, P.C.
265 State Street
Springfield, MA 01103
Tel. (413)746-4400
Fax (413)746-5353

Date: February 11, 2020